UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Ali Yassin Mohamed,<br><br>　　　　　Defendant. | Case No. 24-cr-190 (JMB/TNL)<br><br>**ORDER** |

Michael Patrick McBride, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415 (for the Government); and

Ambroise Justin Decilap, Jr. and Manvir K. Atwal, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 21;

2. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 22;

3. Defendant's Motion for Discovery and Inspection, ECF No. 23;

4. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)G), ECF No. 24; and

5. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 25.

A hearing was held on November 27, 2024. ECF No. 29. Assistant United States Attorney Michael Patrick McBride appeared on behalf of the United States of America. *Id.*

1

Assistant Federal Defenders Ambroise Justin Decilap Jr. and Manvir K. Atwal appeared on behalf of Defendant. *Id.*

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 21, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests both immediate disclosure of Rule 404(b) evidence and disclosure of such evidence 30 days before trial. ECF No. 21 at 1. In response, the Government requests that all 404(b) disclosures be made 14 days before trial. Gov't's Consol. Resp. Def's Mots. Disc. & Supp. Statements at 1–2, ECF No. 28. On the record at the hearing, the parties were unable to agree on a timeline for disclosure.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (stating that a prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (stating that the notice must be in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir.

2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (stating that Rule 16 does not authorize the discovery of statements made by prospective government witnesses); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds that disclosure 21 days before trial is reasonable. As such, no later than 21 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

2. Defendant's Motion to Compel Attorney for the Government to Disclose

Evidence Favorable to the Defendant, ECF No. 22, is **GRANTED IN PART** and **DENIED IN PART**.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, Defendant requests that the Government disclose evidence favorable to him, including any statements by witnesses that exculpate the Defendant or contradict other statements from witnesses, prior convictions of government witnesses, offers made to government witnesses for their cooperation, and any relevant evidence for the impeachment of government witnesses. ECF No. 22 at 1–2. The Government responds by stating that it will fully comply with its obligations under *Brady* and *Giglio*, but that it objects to the extent that Defendant seeks material that are not required to be disclosed under *Brady*, *Giglio*, and their progeny. ECF No. 28 at 2–3.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-

4

examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 6-CR-36, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's request is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general

constitutional right to discovery.").

3. Defendant's Motion for Discovery and Inspection, ECF No. 23, is **GRANTED**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A)-(B) and (D)-(G) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 23. This includes expert witness disclosures. *Id.* at 2 (citing Fed. R. Evid. 702, 703, and 705). The Government states that it has complied and will continue to comply with its obligations under the Federal Rules of Criminal Procedure. ECF No. 28 at 3.

Defendant's motion is granted. The Government shall fully comply with its obligations under the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and all other relevant authorities concerning discovery and it shall disclose these materials in a timely fashion. See Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion."). While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A)-(B) and (D)-(G) that subsequently comes into the Government's possession, knowledge, or control shall also be produced in a timely fashion.

4. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 24, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks for the Government to provide, 30 days before trial, a written summary of the expert testimony the Government intends to use during trial under Fed. R.

Crim. P. 16(a)(1)(G). ECF No. 24 at 1. The Court has already ordered expert disclosures be made 28 days before trial and rebuttal expert disclosures be made 14 days before trial. Arraignment Order at 2, ECF No. 18. At the motions hearing, the parties agreed to make disclosures on or before 28 days prior to trial.

Based on the parties' representations at the motions hearing, and consistent with this Court's prior Order, the parties shall exchange summaries of anticipated expert testimony under Rule 16(a)(1)(G) no later than 28 days before trial. *See also id.* No later than 14 days prior to trial, the parties shall exchange rebuttal expert disclosures. *Id.* Accordingly, the Court grants Defendant's motion.

5. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 25, is **GRANTED**.

Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation. ECF No. 25 at 1–2. The Government responds that it has directed its officers and agents to retain their rough notes. ECF No. 28 at 4.

Defendant's request for the retention of rough notes is granted. To the extent it has not yet done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

6. All prior consistent orders remain in full force and effect.

(*Order continues on next page*)

7.  Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: December 27, 2024

*/s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Mohamed*
Case No. 24-cr-190 (JMB/TNL)